IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAXIM CRANE WORKS, L.P., | Civil Action No. 2:23-CV-30 |
|       Plaintiff, <br> v. | |
| E.E. MARR ERECTORS, INC. <br> and KIRK EDWARDS, | |
|       Defendants. | |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

AND NOW COME Defendants, E.E. Marr Erectors, Inc. ("E.E. Marr") and Kirk Edwards ("Edwards") (collectively, "Defendants"), by and through their undersigned counsel, Saul Ewing LLP, and hereby submit this Answer, Affirmative Defenses, and Counterclaim to Plaintiff, Maxim Crane Works, L.P.'s ("Plaintiff"), Complaint in Civil Action (Doc. 1-1), averring as follows:

### ANSWER TO COMPLAINT

### BACKGROUND

1.    Admitted in part, denied in part. It is admitted only that Plaintiff's claims involve the provision of cranes and/or crane related-services (collectively, the "Crane Services"). To the extent this paragraph contains legal conclusions, no response is required. Additionally, this paragraph relies on "a series of written agreements," which are not included with the Complaint and speak for themselves. If any further response is deemed required, the remainder of this paragraph is denied.

2.    Admitted in part, denied in part. It is admitted only that Maxim furnished Crane Services to E.E. Marr. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

3. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. By way of further answer, it is denied that Maxim was fully "in compliance with the terms of the written agreements . . . ."

4. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. By way of further answer, it is denied that "Marr expressly acknowledged that Marr has an open balance of $3,310,075.36 due and owing to Maxim for Crane Services that Maxim had provided to Marr."

5. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

6. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

7. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

8. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

**PARTIES**

9. This paragraph is directed to a party other than Defendants. Upon reasonable investigation, Defendants are without information sufficient to form a belief as to the truth of the allegations contained in this paragraph. As such, the same are denied.

10. Admitted.

11. Admitted.

**JURISDICTION AND VENUE**

12. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

13. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

**FACTS**

14. This paragraph contains legal conclusions to which no response is required. Additionally, this paragraph relies on "a series of written agreements," which are not included with the Complaint and speak for themselves. If any further response is deemed required, this paragraph is denied.

15. Admitted in part, denied in part. It is admitted only that, from time-to-time, Maxim provided Crane Services to E.E. Marr. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is

denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

16. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. Additionally, and by way of further answer, it is denied that Maxim fully complied with the terms of the alleged written agreements, as certain of the Crane Services provided by Plaintiff to E.E. Marr suffered from, *inter alia*, supply, delivery, labor, and mechanical issues that caused such projects to be delayed; supply, delivery, labor, and mechanical issues that caused E.E. Marr to use substitute or extra Crane Services from third-parties (often at additional time, expense, and delay to E.E. Marr); and, damage to worksites to which E.E. Marr was required to remedy at its own expense.

17. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. Additionally, Edwards alleged execution of the Payment and Tolling Agreement (the "Payment Agreement"), was done under undue influence, coercion, and duress, as Plaintiff threatened to stop and withhold the Crane Services being provided for E.E. Marr's then-ongoing projects if Edwards failed to execute the same immediately, which would subject E.E. Marr to delay damages, liquidated damages, and other damages as a result of Plaintiff's misconduct.

18. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this

paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

19.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. Additionally, Edwards alleged execution of the Guaranty Agreement (the "Personal Guaranty"), was done under undue influence, coercion, and duress, as Plaintiff threatened to stop and withhold the Crane Services being provided for E.E. Marr's then-ongoing projects if Edwards failed to execute the same, which would subject E.E. Marr to delay damages, liquidated damages, and other damages as a result of Plaintiff's misconduct.

20.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

21.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

22.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

23.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

24.     This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied. Additionally, in or around October 2022, Plaintiff ceased responding to Defendants' inquiries about payments and amounts allegedly due and owing.

25.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. Additionally, in or around October 2022, Plaintiff ceased responding to Defendants' inquiries about payments and amounts allegedly due and owing.

26.     To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. Additionally, it is denied that Defendants have failed to make payments to satisfy the alleged obligations under the Payment Agreement or the Personal Guarantee.

**ANSWER TO COUNT I**
BREACH OF CONTRACT
*Maxim Crane Works, L.P. v. E.E. Marr, Inc.*

27.     Defendants incorporate their answers to paragraphs 1 thought 26, above.

28.     This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

6

29. Admitted in part, denied in part. It is admitted only that, from time-to-time, Maxim provided Crane Services to E.E. Marr. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

30. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied. Additionally, it is denied that Maxim performed all its obligations under the alleged written agreements, as certain of the Crane Services provided by Plaintiff to E.E. Marr, *inter alia*, suffered from supply, delivery, labor, and mechanical issues that caused such projects to be delayed; supply, delivery, labor, and mechanical issues that caused E.E. Marr to use substitute or extra Crane Services from third-parties (often at additional time, expense, and delay to E.E. Marr); and, damage to worksites to which E.E. Marr was required to remedy at its own expense.

31. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, the same are denied.

32. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

33. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

34. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, it

is admitted only that Plaintiff requested attorneys' fees, costs, and expenses incurred as part of its claim for relief. It is denied, however, that Plaintiff is entitled to attorneys' fees, costs, and expenses or any other relief requested in its Complaint.

35. To the extent this paragraph construes or attempts to construe a writing, that writing speaks for itself. Plaintiff's characterization of any such writing is denied. To the extent this paragraph contains legal conclusions, no response is required. If a response is deemed required, it is admitted only that Plaintiff requested interest as part of its claim for relief. It is denied, however, that Plaintiff is entitled to interest or any other relief requested in its Complaint.

WHEREFORE Defendant, E.E. Marr Erectors, Inc., respectfully requests that this Court dismiss Plaintiff, Maxim Crane Works, L.P.'s Complaint with prejudice, enter judgment in its favor, award it the fees and costs incurred in the defense of this action, and award any and all further relief that this Court deems just.

## ANSWER TO COUNT II
### (erroneously identified as a duplicate Count I)
<u>BREACH OF CONTRACT</u>
*Maxim Crane Works, L.P. v. E.E. Marr, Inc.*

36. Defendants incorporate their answers to paragraphs 1-35, above.

37. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

38. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied. Additionally, it is denied that E.E. Marr failed or refused to timely pay Plaintiff, as, in or around October 2022, Plaintiff ceased responding to Defendants' inquiries about payments and amounts allegedly due and owing.

39. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied. Additionally, it is denied that Maxim fully

complied any and all conditions precedent of the Payment Agreement, as certain of the Crane Services provided by Plaintiff to E.E. Marr suffered from, *inter alia*, supply, delivery, labor, and mechanical issues that caused such projects to be delayed; supply, delivery, labor, and mechanical issues that caused E.E. Marr to use substitute or extra Crane Services from third-parties (often at additional time, expense, and delay to E.E. Marr); and, damage to worksites to which E.E. Marr was required to remedy at its own expense. Further, it is denied that any such conditions precedent of the Payment Agreement have been satisfied, excused, or waived.

40. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

WHEREFORE Defendant, E.E. Marr Erectors, Inc., respectfully requests that this Court dismiss Plaintiff, Maxim Crane Works, L.P.'s Complaint with prejudice, enter judgment in its favor, award it the fees and costs incurred in the defense of this action, and award any and all further relief that this Court deems just.

### ANSWER TO COUNT III
**(erroneously identified as Count II)**
BREACH OF CONTRACT
*Maxim Crane Works, L.P. v. Kirk Edwards*

41. Defendants incorporate their answers to paragraphs 1-40, above.

42. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

43. This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied. Additionally, it is denied that E.E. Marr failed or refused to timely pay Plaintiff, as, in or around October 2022, Plaintiff ceased responding to Defendants' inquiries about payments and amounts allegedly due and owing.

44.  This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

45.  This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied. Additionally, it is denied that Maxim fully complied any and all conditions precedent of the Personal Guaranty, as certain of the Crane Services provided by Plaintiff to E.E. Marr suffered from, *inter alia*, supply, delivery, labor, and mechanical issues that caused such projects to be delayed; supply, delivery, labor, and mechanical issues that caused E.E. Marr to use substitute or extra Crane Services from third-parties (often at additional time, expense, and delay to E.E. Marr); and, damage to worksites to which E.E. Marr was required to remedy at its own expense. Further, it is denied that any such conditions precedent of the Personal Guaranty have been satisfied, excused, or waived.

46.  This paragraph contains legal conclusions to which no response is required. If a response is deemed required, the same are denied.

WHEREFORE Defendant, Kirk Edwards, respectfully requests that this Court dismiss Plaintiff, Maxim Crane Works, L.P.'s Complaint with prejudice, enter judgment in its favor, award it the fees and costs incurred in the defense of this action, and award any and all further relief that this Court deems just.

<u>Defendants deny each and every remaining averment in Plaintiff's Complaint not otherwise unequivocally admitted above.</u>

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, therefore, should be dismissed with prejudice.

2. Plaintiff's claims are barred, in whole or in part, because the alleged written agreements, Payment Agreement, and/or Personal Guaranty were executed under undue influence, coercion, and/or duress.

3. Plaintiff's claims are barred, in whole or in part, by its breaches of the written agreements, Payment Agreement, and/or Personal Guaranty.

4. Plaintiff's claims are barred, in whole or in part, by the terms of the written agreements, Payment Agreement, and/or Personal Guaranty.

5. The Payment Agreement and/or Personal Guaranty are void and otherwise unenforceable.

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclear hands.

7. Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of good faith.

8. Plaintiff is not entitled to recover attorneys' fees and/or costs in this action.

9. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, promissory estoppel, and/or equitable estoppel.

10. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

11. Defendants incorporate by reference their Counterclaim, set forth below.

12. Defendants reserve the right to assert additional affirmative defenses and/or other defenses, counterclaims, or third-party claims as may be revealed to be appropriate.

WHEREFORE, Defendants, E.E. Marr Erectors, Inc. and Kirk Edwards, respectfully respect that this Court dismiss Plaintiff, Maxim Crane Works, L.P.'s Complaint with prejudice, enter judgment in their favor, award them the fees and costs incurred in the defense of this action, and award any and all further relief that this Court deems just.

**COUNTERCLAIM**
**BREACH OF CONTRACT**
*E.E. Marr Erectors, Inc. v. Maxim Crane Works, L.P.*

1. Defendant and Counterclaim Plaintiff, E.E. Marr Erectors, Inc. ("E.E. Marr"), incorporates by reference its Answer and Affirmative Defenses to the Complaint of Plaintiff and Counterclaim Defendant, Maxim Crane Works, L.P. ("Maxim"), as set forth above.

2. As set forth in Defendants' Notice of Removal (Doc. 1), this Court has diversity of citizenship jurisdiction over the current action, including E.E. Marr's Counterclaim.

3. Additionally, as set forth in Maxim's Complaint, this Court has personal jurisdiction over Maxim because it maintains its corporate headquarters, and otherwise conducts significant business operations, in and around this District.

4. E.E. Marr is a general contractor and erection company headquartered in Baltimore, Maryland. E.E. Marr provides a variety of residential and commercial construction solutions.

5. From time-to-time on its projects, E.E. Marr engaged Maxim to provide cranes and related services. These engagements were marked by a series of written agreements and purchase orders, along with, at times, oral discussions and understandings.

6. Over the course of approximately two (2) decades, E.E. Marr and Maxim forged a productive business relationship that was mutually beneficial for both sides. This relationship was marked by good communication, informal resolution of disputes, and financial upside.

7. However, over time, that business relationship started to breakdown.

8. For example, contrary to the parties' agreements and outside of industry custom, Maxim's performance on the parties' arrangements began to erode.

9. Maxim's performance suffered from, *inter alia*, supply, delivery, labor, and mechanical issues that caused E.E. Marr's projects to be delayed; supply, delivery, labor, and mechanical issues that caused E.E. Marr to use substitute or extra crane services from third-parties (often at additional time, expense, and delay to E.E. Marr); and, damage to worksites during the time when Maxim attempted to deliver (or remove) cranes to the project sites, to which E.E. Marr was required to remedy at its own expense.

10. Moreover, to remedy the delivery, mechanical, and related issues attributable to Maxim, E.E. Marr was often forced to accelerate its own activities to makeup for time lost, including paying overtime rates to compensate for downtime and resequencing construction activities to avoid additional impacts from Maxim's failures.

11. In addition to Maxim's performance issues, the parties' relationship began to deteriorate due to internal problems at Maxim. For example, Maxim's accounting department began to frequently issue improper or duplicate invoices, failed to apply appropriate credits to E.E. Marr's account as-promised, and otherwise suffered from global disorganization.

12. E.E. Marr is in the process of cataloging all such failures of Maxim.

13. These failures of Maxim, including improper performance and over-billing of E.E. Marr, were in breach of the parties' agreements and in violation of industry custom.

14. These breaches by Maxim harmed (and continue to harm) E.E. Marr.

15. In the past, Maxim and E.E. Marr were generally able to resolve disagreements over payment, performance, and other issues in the interests of the parties' larger and mutually beneficial business relationship.

16.     However, in 2022, the disfunction at Maxim hit a crescendo.

17.     E.E. Marr had a crane delivery scheduled from Maxim to support a significant project that E.E. Marr was involved in at Fort Meade, Maryland. Instead of delivering the crane as-promised, Maxim demanded that E.E. Marr execute the Payment and Tolling Agreement (Exhibit 1 to Maxim's Complaint) and Personal Guaranty (Exhibit 2 to Maxim's Complaint) first. In other words, Maxim held the crane hostage to force E.E. Marr (and Edwards) to execute the agreements. Faced with potential delays, liquidated damages, reputational harm, and other harm on its Fort Meade project, the agreements were signed by E.E. Marr/Edwards with no other timely and reasonable alternative available.

WHEREFORE, Defendants and Counterclaim Plaintiff, E.E. Marr Erectors, Inc., respectfully respects that this Court dismiss Plaintiff, Maxim Crane Works, L.P.'s Complaint with prejudice, enter judgment in its favor on its Counterclaim, award it the fees and costs incurred in the defense of this action, and award any and all further relief that this Court deems just.

Respectfully submitted,

Dated: <u>January 26, 2023</u>    SAUL EWING LLP

/s/ John Paul Regan
Michael J. Joyce, Esq.
PA ID No. 311303
*Michael.Joyce@saul.com*
John Paul Regan, Esq.
*JP.Regan@saul.com*
One PPG Place, 30th Floor
Pittsburgh, PA 15222
Tel.: (412) 209-2500
Fax: (412) 209-2539
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Pennsylvania by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ John Paul Regan
John Paul Regan, Esquire